IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-37-FL

| CLIFTON R. HARDY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 21, 25). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, denies plaintiff's motion, grants defendant's motion, and affirms defendant's final decision.

## BACKGROUND

On September 7, 2012, plaintiff filed application for period of disability and disability insurance benefits, and on November 29, 2012, plaintiff filed application for supplemental security income, alleging disability beginning August 13, 2012. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held August 15, 2014, denied plaintiff's claims by decision entered September 23, 2014. Following the ALJ's denial of his applications, plaintiff timely filed a request for review before the

Appeals Council. The Appeals Council denied plaintiff's request on February 1, 2016, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

**DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 13, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative joint disease; syncope and seizures; anemia; obstructive sleep apnea; gastroesophageal reflux disease and dysphagia; borderline intellectual functioning; tendinitis of the left wrist; a history of left knee injury with arthroscopic surgery; a history of cerebrovascular accident (CVA); obesity; hiatal hernia; coronary artery disease; and hypertension. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with restrictions as follows:

> 5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following provisos: he can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can occasionally balance, but frequently stoop, kneel, crouch, and/or crawl. He must avoid concentrated exposure to temperature extremes of heat, as well as pulmonary irritants (such as fumes, odors, dust, gases, poor ventilation and the like). He must avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. The claimant is able to understand and perform simple, routine, repetitive tasks, further defined as jobs with a reasoning level of 1 or 2. He can maintain concentration, persistence, and pace to stay on task for 2-hour periods during a typical 8-hour day in order to perform such tasks, in a work setting that is not production-pace or quota-based work, rather a goal oriented job primarily dealing with things as opposed to people, with no more than occasional changes in the work setting.[3]

(Tr. 22-23). At step four, the ALJ concluded plaintiff was unable to perform his past relevant work, identified in the ALJ decision as "cemetery worker" and "garbage collector." (Tr. 29). At step five,

4

the ALJ determined that jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.     Analysis

Plaintiff argues the ALJ failed properly to apply Listing 12.05 and failed to account for all of plaintiff's symptoms in the hypothetical question given to the VE. The magistrate judge cogently addressed plaintiff's arguments in the M&R. Upon careful review of the record and the M&R, the court adopts the analysis of the M&R as its own. See 28 U.S.C. § 636(b)(1).

The magistrate judge thoroughly addressed plaintiff's first argument at pages 7-15 of the M & R. The ALJ correctly explained in the decision, supported by substantial evidence in the record, that although plaintiff met intelligence quotient requirements for Listing 12.05, plaintiff did not have deficits in adaptive functioning sufficient to meet the diagnostic description. See 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00.A.3 (describing application of Listing 12.05 and its requirement of deficits in adaptive functioning); (see Tr. 20-22).

With respect to plaintiff's second argument, the magistrate judge addressed plaintiff's contention raised in support of judgment on the pleadings that the ALJ and VE mischaracterized plaintiff's past work. (See M&R 17-20). The court writes separately to address additional issues raised by plaintiff in his objections. In particular, plaintiff argues that the ALJ failed to account for all of plaintiff's symptoms in the hypothetical question given to the VE, particularly symptoms of digestive problems, need for a cane, sleep apnea, and seizures.

"[T]he hypothetical," however, "was incomplete only if the ALJ failed to account for a relevant factor when determining [plaintiff's] residual functional capacity." Mascio, 780 F.3d at 638. Thus, the issue presented by plaintiff's argument more properly is framed as whether the ALJ

5

sufficiently accounted for all of plaintiff's symptoms in the RFC. See id. Here, the ALJ explained his accounting of each of plaintiff's symptoms in determining plaintiff's RFC, and the ALJ's determination was supported by substantial evidence.

In particular, with respect to digestive problems, the ALJ noted inconclusive medical records with respect to gastric symptoms (Tr. 28; see Tr. 763-64), and a lack of medical evidence concerning urinary urgency/incontinence (Tr. 28; see Tr. 757). With respect to use of a cane, the ALJ noted that "examination notes . . . fail to show the claimant using an assistive device for ambulation." (Tr. 28; see e.g. Tr. 687, 574, 754-58). The ALJ discussed plaintiff's sleep apnea, noting medical treatment through 2009, with direction to increase plaintiff's C-PAP pressure to a level of 13-14. (Tr. 27; see Tr. 504). Regarding seizures, the ALJ discussed in detail plaintiff's history and treatment, noting examination in 2012, after treatment, "showed the claimant reporting as being seizure free since starting the new Keppra dosage," and with continued medication reporting on January 2014 that plaintiff had not experienced a seizure since October 2012. (Tr. 27; see Tr. 707, 751).

In sum, the ALJ sufficiently accounted for plaintiff's alleged symptoms in the RFC determination, and this determination was supported by substantial evidence in the record. Therefore the Commissioner's final decision must be affirmed.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the findings, analysis, and recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 21) is DENIED, defendant's motion for judgment on the pleadings (DE 25) is GRANTED, and the final decision of the Commissioner is affirmed. The clerk is DIRECTED to close this case.

SO ORDERED this the 27th day of September, 2017.

                                              LOUISE W. FLANAGAN
                                              United States District Judge